IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


MYRA MICHELLE STEPHENS,                                            PLAINTIFF

vs.                                    Civil No. 4:25-cv-04063


FRANK BISIGNANO,                                                   DEFENDANT
Commissioner, Social Security Administration


## MEMORANDUM OPINION

Myra Michelle Stephens ("Plaintiff") brings this action pursuant to § 205(g) of Title XVI of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 6.) Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background

Plaintiff filed her disability application on June 8, 2022. (Tr. 27.)[1] In this application, Plaintiff alleged being disabled due to fibromyalgia, blockage on right side of brain, hypertension, depression, heart problems, degenerative disc disease, anxiety, seizures, liver problems, migraines,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 10. These references are to the page number of the transcript itself not the ECF page number.

1

and asthma.  (Tr. 257.)  Plaintiff alleged an onset date of January 1, 2017.  (Tr. 27.)  Plaintiff's application was denied initially on June 15, 2023, and again upon reconsideration on January 4, 2024. (ECF No. 12, pgs. 1-2.)

Plaintiff requested an administrative hearing on her denied application, and this request was granted.  (Tr. 27.)  An Administrative Law Judge ("ALJ") conducted the hearing on June 3, 2024.  (Tr 42-76.)  At this hearing, Plaintiff was present and represented by Kahlil Said.  *Id*. Plaintiff and Vocational Expert ("VE"), Phunda Yarbrough, both testified at the hearing.  *Id*.

On July 29, 2024, the ALJ entered an unfavorable decision.  (Tr. 27-36.)  In this decision, the ALJ determined Plaintiff has not engaged in substantial gainful activity since the onset date of June 8, 2022.  (Tr. 29, Finding 1.)  The ALJ also determined Plaintiff has the severe impairments of degenerative disc disease of the cervical and lumbar spine, seizure disorder, migraines, and polyneuropathy.  (Tr. 30, Finding 2.)  Despite being severe, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.  (Tr. 31, Finding 3.)

The ALJ also determined Plaintiff has the Residual Functional Capacity ("RFC") to perform light work with the exception of

> occasionally climb[ing] ramps and stairs; no climbing of ladders, ropes, or scaffolding; can occasionally balance, stoop, kneel, crouch and crawl; and no exposure to hazards, such as moving mechanical parts or unprotected heights.

(Tr. 32, Finding 4.)

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 35, Finding 8.)  The ALJ determined Plaintiff had no PRW.  *Id.*  However, the ALJ determined that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant

2

numbers in the national economy, such as Fingerprint Clerk with 264,210 jobs in the national economy and Router with 71,120 jobs in the national economy. (Tr. 35, Finding 9.) Based upon these findings, the ALJ determined Plaintiff has not been disabled under the Act since June 8, 2022. (Tr. 36, Finding 10.)

On August 5, 2025, Plaintiff filed the present appeal. (ECF No. 2.) Both parties filed appeal briefs and Plaintiff filed a reply brief. (ECF Nos. 12, 18, and 19.) This case is now ready for decision.

## 2. **Applicable Law**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

If substantial evidence supports the ALJ's conclusion, the Court cannot reverse simply because substantial evidence also supports a different outcome. *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Therefore, "if after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005); *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least

3

one year and prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A), *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of their RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

3. **Discussion**

In her appeal brief, Plaintiff raised the following argument for reversal: the ALJ erred by failing to adequately evaluate Plaintiff's migraine diagnosis at steps three and four of the sequential evaluation process. (ECF No. 12.) In response, Defendant argues the ALJ relied on substantial

evidence to support his findings at steps three and four.  (ECF No. 18.)  Plaintiff replied and asserted the ALJ failed to offer more than a cursory conclusion at step three regarding Plaintiff's migraines.  (ECF No. 19.)

### A. <u>Step Three</u>

Step three of the five-step analysis requires the ALJ to determine whether Plaintiff's impairment or combination of impairments is of a severity to meet or medically equal the criteria of a Listing.  Plaintiff asserts the ALJ found her to have a severe impairment of migraines during step two but failed to analyze migraines at step three.  (ECF No. 12.)  Specifically, Plaintiff cites SSR 19-4p, which provides there is no Listing for migraine headaches, but that an ALJ may find Plaintiff meets Listing 11.02—which evaluates epilepsy—if Plaintiff exhibits equivalent signs.  (ECF No. 12, pgs. 8-9.)  In response, Defendant counters Plaintiff's claim by asserting the ALJ determined Plaintiff's medical history did not indicate seizures occurring at the frequency set forth in Listing 11.02.  (ECF No. 18, pgs. 3-4.)

The Court finds that SSR 19-4p does not require the ALJ to analyze migraines under Listing 11.02 but provides an ALJ *may* analyze migraines under Listing 11.02.  Here, the ALJ analyzed Listing 11.02 and determined Plaintiff has not shown seizures occurring at the frequency set forth in the listing.  The burden of proof is on the Plaintiff to establish that her impairment meets or equals a listing.  To meet a listing, an impairment must meet all of the listing's specified criteria.  *Schmitt v. Kijakazi*, 27 F.4th 1353, 1358 (8th Cir. 2022).  Plaintiff argues that Listing 11.02 was the listing most compatible with her migraines, but the record does not support a finding that Plaintiff meets all of the criteria in § 11.02.

### B. Residual Functional Capacity

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work except can occasionally climb ramps and stairs; no climbing of ladders, ropes, or scaffolding; can occasionally balance, stoop, kneel, crouch and crawl; and no exposure to hazards, such as moving mechanical parts or unprotected heights.  (Tr. 32, Finding 5.)  Plaintiff claims the ALJ erred by failing to evaluate her migraines during the step four analysis, specifically by determining Plaintiff has the RFC to work full time, with no allowances for unscheduled breaks or absences.  (ECF No. 12, pgs. 13-16.)  However, substantial evidence supports the ALJ's RFC determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'"  *Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart*, 294 F.3d 1019 (8th Cir. 2002)).  The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox v. Apfel*, 160 F.3d 1203, 1206.  The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis.  *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996).  "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms."  *Id.*

6

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel*, 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ. The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter. Additionally, the record lacked evidence indicating medical providers providing opinions that Plaintiff would need unscheduled breaks or frequent absences.

Substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met this burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

4. **Conclusion**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **19th day of May 2026.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE

8